**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **NATIONAL IMMIGRATION LITIGATION ALLIANCE, et al.**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**U.S. DEPARTMENT OF STATE,**<br><br>**Defendant.** | **Case No. No. 22-CV-11734 (NMG)** |

**<u>JOINT STATEMENT REGARDING PRETRIAL SCHEDULE</u>**

Pursuant to the Court's December 20, 2022 Notice of Scheduling Conference, ECF 15, Plaintiffs National Immigration Litigation Alliance and Church World Service and Defendant U.S. Department of State respectfully inform the Court as follows:

**Joint Request for Relief from Discovery Plan**

1. This action involves Plaintiffs' complaint against Defendant asserting claims under the FOIA. Complaint, ECF 1.
2. "Claims under the [FOIA] are typically resolved" at summary judgment "without discovery." *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 345 (6th Cir. 2011). Instead of ordering discovery, "[d]istrict courts typically dispose of [FOIA] cases on summary judgment based on affidavits from the agency describing the search procedures that it followed" in responding to the plaintiff's FOIA request. *Id.* at 341; *see also, e.g.*, *Gillin v. IRS*, 980 F.2d 819, 823 (1st Cir. 1992) ("[T]he 'district judge has discretion to forgo discovery and award summary judgment on the basis of affidavits.'") (citation

omitted); *Kyle v. U.S, Dep't of Health & Hum. Servs.*, No. 86-3450, 1989 WL 149990, at *3 (D. Mass. Nov. 16, 1989) ("It is within the court's discretion, in FOIA cases, to forego discovery and grant summary judgment solely on the basis of reasonably detailed explanatory affidavits submitted by the agency.").

3. Consistent with this approach, the parties believe that establishment of a discovery schedule is unnecessary at this time. *See Gillin v. U.S. Dep't of Army*, 21 F.3d 419 (1st Cir. 1994) (per curiam) ("We also find no abuse of discretion in the district court's stay of discovery pending the outcome of the summary judgment motion").[1] Thus, parties request relief from the discovery plan and certification requirements set forth in the Notice of Scheduling Conference. *See* ECF 15.

**Proposed Schedule for Motions**

4. The parties conferred regarding the case on January 27 and February 1, 2023. Defendant informed Plaintiff that it had searched for documents potentially responsive to Plaintiff's FOIA request and that it is has begun and is continuing to review those documents. On January 31, 2023, Defendant produced 9 pages of responsive records to Plaintiff and indicated that it would produce some additional records by February 28, 2023. However, Defendant was not able to estimate a date by which it could produce all responsive records.

[1] Where an agency's affidavit does not adequately describe the search that it conducted, the district court may order that the agency supplement its affidavit or even provide limited discovery into its search procedures. *Reich v. U.S. Dep't of Energy*, 784 F.Supp.2d 15, 24 (D. Mass. 2011) ("If the agency's declarations are deficient, courts generally will request a supplement before ordering discovery"). Plaintiffs therefore reserve their right to seek leave to conduct discovery if, for example, they ultimately determine that "discovery is needed to resolve . . . genuine issues of material fact related to [Defendant's] searches." *Moffat v. U.S. Dep't of Justice*, No. 09-12067-DJC, 2011 WL 3475440, at *13 (D. Mass. Aug. 5, 2011).

5. On February 16, 2023, Defendant indicated that it had identified 215 potentially response records, totally 7,066 pages, as well as an additional 235 records that may be responsive. Defendant requested additional time to determine the number of responsive pages in the 235 additional records prior to estimating a date by which it could produce all responsive records.

6. Defendant intends to propose a production schedule following review of the additional 235 records. Therefore, the parties propose that they will file a joint status report by March 17, 2023, to inform the Court of the status of Defendant's review of the additional 235 record and whether the parties believe summary judgment briefing will be necessary and to propose a briefing schedule in light of that information.

Respectfully submitted,

PLAINTIFFS
By its counsel,

s/ *Kristin Macleod-Ball*

Kristin Macleod-Ball*
Trina Realmuto*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 506-3646
kristin@immigrationlitigation.org
trina@immigrationlitigation.org

Stephanie Marzouk
Marzouk Law LLC
2464 Massachusetts Ave, Ste 317
Cambridge, MA 02140
(617) 674-2112
sym@marzouklaw.com

**Admitted pro hac vice*

DEFENDANT
By its counsel,

RACHAEL S. ROLLINS
United States Attorney

*/s/ Thomas E. Kanwit*

Thomas E. Kanwit
Assistant U.S. Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
thomas.kanwit@usdoj.gov

Dated: February 17, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

s/ *Kristin Macleod-Ball*
Kristin Macleod-Ball
National Immigration Litigation Alliance

Dated: February 17, 2023